## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:
EDWARD ALLEN KEETER,

      Debtor.

Case No. 23-01759
Chapter 13
Hon. Scott W. Dales
Filed: 8/1/2023

_____/

EDWARD ALLEN KEETER,
      Plaintiff,

v

Adv. Pro. No.: 24-8_____

SOUTHWEST MICHIGAN ASSET MANAGEMENT, LLC,
MICHAEL T. GARRISION, and
KYLE M. HAMMOND,

      Defendants.

_____/

## COMPLAINT SEEKING DAMAGES
## IN A CORE ADVERSARY PROCEEDING

NOW COMES the Plaintiff, by and through his attorneys, Roger G. Cotner and Cotner Law Offices, and files this complaint seeking damages and other relief in a core adversary proceeding.

### Introduction

1. This case involves exploitation of an elderly gentleman facing dire financial circumstances.

Plaintiff brings this action to determine the nature and value of Defendants' claims against him, if any; to avoid a fraudulent conveyance of Plaintiff's personal residence; to quiet title of Plaintiff's personal residence; to recover damages from

1

Defendants for their actions related to Plaintiff's personal residence; and for such other and further relief as the Court determines fair and just.

Plaintiff brings this action pursuant to Sections 105, 362, 501, 502, 506, 522(h), 548 and 550 of the Bankruptcy Code.

2. Plaintiff reserves the right to amend this complaint should new allegations arise in the course of discovery.

## Jurisdiction and Venue

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11, and concerns property of the Debtor and property of the estate in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2)(A), (B), and (H) of Title 28 of the United States Code.

5. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1409(a) of Title 28 of the United States Code.

## Parties

7. The Plaintiff in this case is a Debtor in case number 23-01759 filed under Chapter 13 of Title 11 of the United States Code on August 1, 2023, which case is presently pending before this Court. The Debtor's plan was confirmed on January 31, 2024. Doc. No. 70. The Plaintiff is referred to as "Mr. Keeter", "Plaintiff" or "Debtor".

8. Upon information and belief, Defendant Southwest Michigan Asset Management, LLC, ("Southwest") is a Michigan limited liability company. Southwest is managed by Michael T. Garrison whose address is 620 Broad Street, Suite 104, St. Joseph, MI 49085. Upon information and belief, Southwest is qualified to do business in Michigan as a limited liability company.

9. Upon information and belief, Defendant Michael T. Garrision is the owner and manager of Southwest. His address is 620 Broad Street, Suite 104, St. Joseph, MI 49085.

10. Upon information and belief, Defendant Kyle M. Hammond is an employee or agent of Southwest. His address is PO Box 81, St. Joseph, MI 49085.

## Factual Allegations

11. Plaintiff acquired his interest in his personal residence located at 1432 Miami Road, Benton Harbor, Michigan 49022 on May 25, 1979, for $50,000.00, from his parents. Exhibit A. Mr. Keeter has lived in this home at all times during his life. Mr. Keeter is 76 years of age.

12. Mr. Keeter estimated the value of his personal residence to be $268,600.00 in his current Chapter 13 case. Case No. 23-01759, Doc. No. 33, p. 3. This represents twice the $134,300 State Equalized Value for Tax Year 2023.

13. Mr. Keeter claimed $28,822 of that value as exempt pursuant to 11 U.S.C. Sections 522 (d)(1) and (5).

14. Mr. Keeter and his mother, June Keeter, borrowed approximately $82,000 from Fifth Third Bank ("Bank") on or about March 16, 2002, and provided the Bank with a mortgage on their home to secure repayment of the loan. June Keeter, widow of Edward A. Keeter, passed away on February 20, 2010, leaving Plaintiff as the sole owner of his personal residence due to his survivorship.

15. The Bank filed a secured proof of claim in Mr. Keeter's Chapter 13 case in the amount of $87,955.94 with interest accruing at 8.25% per annum. Claim No. 21, Case No. 23-01759.

16. Mr. Keeter fell behind on his mortgage payments such that the Bank commenced proceedings to foreclose its mortgage on Mr. Keeter's home. A foreclosure sale was scheduled to be conducted on July 14, 2023.

17. Southwest's representative approached Mr. Keeter on or about June 2, 2023, and offered certain services related to the foreclosure of Mr. Keeter's home. A copy of the alleged Agreement evidencing those services is attached at Exhibit B.

18. The "Agreement" essentially provided for Mr. Keeter's selling his $268,600 home to Southwest for $5,000.00.

19. Mr. Keeter did not sign that Agreement.

20. Mr. Keeter's did not authorize anyone to sign that Agreement for him.

21. Upon information and belief, a Southwest representative signed Plaintiff's name to that Agreement.

4

22. Upon information and belief, Kyle Hammond falsely represented Mr. Keeter's appearance before him as a notary public, and Mr. Keeter's acknowledgment of his signature on the Agreement.

23. Upon information and belief, Defendant Hammond was acting within the actual or apparent scope of his employment with Southwest; and Southwest knew of and consented to or permitted the official misconduct.

24. Southwest tendered a $5,000.00 cashier's check to Mr. Keeter pursuant to the alleged Agreement. A copy of that check is attached as Exhibit C. Mr. Keeter never endorsed or negotiated that check which his attorney currently holds.

25. Southwest caused to be recorded a quit claim deed ("Deed") related to Mr. Keeter's home. A copy of that deed as recorded at Liber 3405, Page 641, Berrien County Register of Deeds, is attached at Exhibit D.

26. Mr. Keeter did not sign that Deed.

27. Mr. Keeter's did not authorize anyone to sign that Deed for him.

28. Upon information and belief, a Southwest representative falsely signed Plaintiff's name to that deed with the intent to injure or defraud Mr. Keeter.

29. Upon information and belief, Kyle Hammond falsely represented Mr. Keeter's appearance before him as a notary public, and Mr. Keeter's acknowledgment of his signature on the Deed.

30. Upon information and belief, Defendant Hammond was acting within the actual or apparent scope of his employment with Southwest; and Southwest knew of and consented to or permitted his official misconduct.

31. Southwest's causing the recording of the fraudulent Deed has improperly divested Mr. Keeter of his ownership interest of record in his personal residence.

32. Upon information and belief, Southwest has submitted more than 430 similar deeds to the Registers of Deeds in Berrien (311), Cass (47), Ingham (17), Clinton (15), Allegan (14), Eaton (10) and Kent (5) counties over the course of the past several years.

33. On or about July 25, 2023, Plaintiff's attorney contacted Southwest's principal, Michael Garrison, to request that Southwest convey Mr. Keeter's property back to him. Southwest declined to do so.

34. Mr. Keeter, facing the imminent foreclosure of his home of 75 years, filed a *pro se* Chapter 13 bankruptcy petition with this Court on July 13, 2023, the day before the Bank's scheduled foreclosure. Case No. 23-01601, Doc. No. 1.

35. Four days later, the Court, *sua sponte*, ordered Mr. Keeter to show cause why his Chapter 13 case should not be dismissed due to his alleged failure to file a complete and accurate Mailing Matrix. Case No. 23-01601, Doc. No. 10.

36. On July 24, 2023, Mr. Keeter filed a motion to dismiss his Chapter 13 case with the assistance of counsel. Case No. 23-01601, Doc. No. 14.

37. The Court dismissed Mr. Keeter's Chapter 13 case by order dated July 25, 2023. Case No. 23-01601, Doc. No. 15.

38. Mr. Keeter, with the assistance of counsel, filed another Chapter 13 case on August 1, 2023. Case No. 23-01759, Doc. No. 1.

39. The Court confirmed Mr. Keeter's Chapter 13 plan, as amended, by order entered on January 31, 2024. Case No. 23-01759, Doc. No. 70.

40. Mr. Keeter's plan as confirmed specifically provides him with standing to commence turnover actions to avoid fraudulent conveyances under 11 U.S.C. Section 548. Case No. 23-01759, Doc. No. 36, p. 11.

## COUNT ONE
## STATUTE OF FRAUDS

41. Plaintiff incorporates the above allegations here.

42. The Deed purports to convey Mr. Keeter's interest in his personal residence.

43. Mr. Keeter neither signed the Deed, nor did he authorize another to sign the Deed for him.

44. Pursuant to M.C.L. Section 566.106, the Deed is void.

## COUNT TWO
## FRAUDULENT TRANSFER

45. Plaintiff incorporates the above allegations here.

46. Plaintiff pleads this count as an alternative to Count One.

47. Defendants' payment of $5,000 to Mr. Keeter was significantly less than the value of his transferred personal residence, estimated to be $268,600 near the time of the transfer, June 2, 2023.

48. Mr. Keeter's transfer of his personal residence for less than a reasonably equivalent value rendered him insolvent.

49. 11 U.S.C. Section 548 provides that the trustee may avoid any transfer of an interest of the debtor in property that was made within two years before the date of filing of the petition if the debtor received less than a reasonably equivalent value in exchange for the transfer, and the transfer renders the debtor insolvent.

50. 11 U.S.C. Section 550 provides that the trustee may recover the property transferred from the transferee after avoidance of the transfer under 11 U.S.C. Section 548.

51. Mr. Keeter has standing to avoid the fraudulent transfer and recover the property pursuant to his confirmed plan.

52. Alternatively, Mr. Keeter has standing pursuant to 11 U.S.C. Section 522 (h).

## COUNT THREE
## SLANDER OF TITLE

53. Plaintiff incorporates the above allegations here.

54. Plaintiff pleads this count as an alternative to Count I.

55. On June 2, 2023, Defendants recorded the Deed purporting to convey Plaintiff's interest in his personal residence with the Berrien County Register of Deeds at Liber 3405, Page 0641.

56. Defendants' recording of the Deed rendered Plaintiff's personal residence unmarketable by Plaintiff.

57. Defendants filed the Deed with the express purpose of preventing Plaintiff from selling or otherwise conveying his interest in his personal residence.

## COUNT FOUR
## QUIET TITLE

58. Plaintiff incorporates the above allegations here.

59. Plaintiff seeks equitable relief pursuant to M.C.L. Section 600.2932 against Defendants regarding real property located in Berrien County, Michigan, which Plaintiff uses as his personal residence.

60. Defendants' presenting the Deed to the Berrien County Register of Deeds for recording has clouded Plaintiff's title to his personal residence.

## COUNT FIVE
## NOTARIAL MISCONDUCT

61. Plaintiff incorporates the above allegations here.

62. Defendant Kyle Hammond was appointed a notary public on June 4, 2021.

63. Defendant Hammond signed his name as "Kyle M. Hammond" as Notary Public on the Agreement and on the Deed.

64. M.C.L. Section 55.287 requires that the "notary public shall sign his or her name exactly as his or her name appears on his or her application for commission as a notary public."

65. Upon information and belief, Defendant Kyle Hammond submitted his application for commission as a notary public as "Kyle Hammond".

66. Defendant Kyle Hammond's notarization of the Deed using a name other than as submitted on his application for commission as a notary public constitutes notarial misconduct.

67. Defendant Kyle Hammond's notarization of the Agreement and the Deed without Mr. Keeter's appearance before him constitutes notarial misconduct.

68. Defendant Kyle Hammond's notarization of the Deed without Mr. Keeter's actual acknowledgment before him constitutes notarial misconduct.

69. At all relevant times, Defendant Kyle Hammond was an employee or agent of Southwest.

70. At all relevant times, Defendant Kyle Hammond was acting within the actual or apparent scope of his employment with Southwest.

71. At all relevant times, Southwest had knowledge of and consented to or permitted the Defendant Hammond's official misconduct.

## RELIEF REQUESTED

WHEREFORE, Plaintiff asks the Court

    A. To enter an Order that declares the Deed to be void and of no effect; declares the Deed invalid; requires the recordation of a certified copy of that Order with the invalid document's liber and page number in the Berrien County Register of Deeds land records; requires Defendants to pay the costs of such recording;

    B. enter judgment avoiding the fraudulent transfer of Plaintiff's personal residence to Southwest; to order the Defendants to reconvey Plaintiff's personal residence to him;

    C. Enter judgment that Plaintiff holds full legal and equitable title to his personal residence in fee simple absolute, free and clear of any and all claims of Defendants in this action, and quieting title to the Property forever in Plaintiff; and

    D. for such other and further relief as the Court determines fair and just.

.

                                            Respectfully submitted,
                                            COTNER LAW OFFICES

Date: October 29 , 2024                /s/ Roger G. Cotner
                                            Roger G. Cotner (P36569)
                                            Attorney for Plaintiff
                                            COTNER LAW OFFICES
                                            P.O. Box 838
                                            Grand Haven, MI  49417
                                            616-846-7153
                                            roger@cotnerlaw.us